Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Southern District of Alabama

_____Northern_____ Division

LAWANDA J. SHEARS MARSHALL
ANGELA SEAY MUHAMMAD
KHALILAH M. AKRAM

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Petitioner, Defendant, Third-Party Plaintiff
JIBRAIL MALIK MUHAMMAD
-v-
Third-Party Defendant Dollar General Corporation

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No. **23-CV-281-TFM-B**

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED JUL 26 '23 PM 1:54 USDC-SO

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    The Parties to This Complaint

   A.    **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   *Lawanda Jeanene Shears Marshall*

   Name            *J.M.*  ~~LAWANDA J. SHEARS MARSHALL~~

   Street Address

   City and County        Selma Dallas

   State and Zip Code     Alabama 36701

   Telephone Number       **334-412-9494**

   E-mail Address

   B.    The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

Name — Defendant, Third-Party Plaintiff JIBRAIL MALIK MUHAMMAD Jibrail Muhammad

Job or Title *(if known)* — Petitioner

Street Address — ~~362 Mabins Street Apt. A~~ 362 Mabins ct. Apt A

City and County — Selma Dallas

State and Zip Code — ~~Alabama 36701~~ AL 36701

Telephone Number — (334) 419-1752

E-mail Address *(if known)* — ~~jibrailm77777@gmail.com~~ jibrailm 77777 @ gmail.com

**Defendant No. 2**

Name — Defendant, Third-Party Plaintiff United States of America Office of Child Support Services U.S. Department of Health dHuman Services

Job or Title *(if known)*

Street Address — 330 C street S.W.

City and County — Selma Dallas

State and Zip Code — Washington, D.C, 20201

Telephone Number

E-mail Address *(if known)*

**Defendant No. 3**

Name — Third-Party Defendant Selma City Schools System

Job or Title *(if known)*

Street Address — 2194 Broad Street

City and County — ~~Selma Dallas~~ Selma Dallas

State and Zip Code — Alabama 36701

Telephone Number — 334-874-1600

E-mail Address *(if known)*

**Defendant No. 4**

Name — Third-Party Defendant Dollar General Corporation

Job or Title *(if known)*

Street Address — 100 Mission Road

City and County — ~~MILLERSVILLE~~, Millersville

State and Zip Code — TN 37072

Telephone Number — 855-275-3447

E-mail Address *(if known)*

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

Dollar General store #16827

| | |
|---|---|
| Name | ₇ᵐ Dollar General Store #16827 |
| Street Address | 80 ᵈᵐ / 4691 US-80 |
| City and County | Selma Dallas |
| State and Zip Code | Alabama 36701 |
| Telephone Number | (334) 375-8270 ᵈᵐ / 334-375-8270 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to (check all that apply):

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)

☑    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)

☑    Other federal law (specify the federal law):

42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 228,Bivens v. Six Unknown Federal Agents,

☑    Relevant state law (specify, if known):

Constitution of Alabama, Article 1,Sections 1,3,5,7,9,10,12,13,15,17,21,22,25.95,33,35,263

☑    Relevant city or county law (specify, if known):

Selma City Board of Education Personnel Policy 5.12 Administrative Leave,5.9.4 a.,b.OTJobInju

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

III.    **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [✓]   Failure to hire me.
- [✓]   Termination of my employment.
- [✓]   Failure to promote me.
- [✓]   Failure to accommodate my disability.
- [✓]   Unequal terms and conditions of my employment.
- [✓]   Retaliation.
- [✓]   Other acts *(specify)*.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

2017, 2020-2023

C.    I believe that defendant(s) *(check one)*:

- [✓]   is/are still committing these acts against me
- [ ]   is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [✓]   race
- [✓]   color
- [✓]   gender/sex
- [✓]   religion
- [✓]   national origin
- [✓]   age *(year of birth)*          1966      *(only when asserting a claim of age discrimination.)*
- [✓]   disability or perceived disability *(specify disability)*

heart conditions, mitral valve, porphyria, paresthesia, et

E.    The facts of my case are as follows. Attach additional pages if needed.

A substantial change in issues and parties involving cases transferred from the U.S. DISTRICT COURT NORTHERN DIVISION to THIS COURT were added in the CIRCUIT COURT OF DALLAS COUNTY, Alabama. Most motions, affidavits, and related evidence relevant to all cases were filed in the CIRCUIT COURT OF DALLAS COUNTY, Alabama in the following styled case SHEARS, LAWANDA J. Plaintiff, v. Jibrail Malik Muhammad, Defendant with assigned case number DR-2013-000045. The Selma City Schools System BOARD withheld child support and benefit payments from the defendant third-party plaintiff without sending it to the Alabama Child Support Payment Center. Later, the BOARD breached the contract.In retaliation,The State of Alabama and Dollar General Corporation continued occurrences.

See attachment

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
05/04/2023

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*    05/23/2023    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☑ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The defendant third party plaintiff requests THIS COURT and OTHER COURTS to consolidate and provide separate trials where advantageous and to set up counterclaims and cross-claims. To order that the Selma City School Board and State of Alabama immediately reinstate the employment of the defendant third party plaintiff and immediately place the defendant third party plaintiff on paid administrative leave, and start all benefits. The defendant third party plaintiff seeks a combined award payment of $10,005,475,000.00 (ten billion, five million, four hundred seventy five thousand dollars). The defendant third party plaintiff request THIS COURT and OTHER COURTS to award such other, further and general applicable relieves as may be necessary, and to award such other, further and different entitled relief which may to the Honorable Court seems fair and proper in the premises.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        07/21/2023

Signature of Plaintiff

Printed Name of Plaintiff        Muhammad, Jibrail M. Defendant, Third-Party Plaintiff

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Lawanda v. Jibrail   Page 1 of 27 ႐ᵐ
22

Attachment
MOTIONS FOR ADDING THIRD PARTIES

1. Jibrail Malik Muhammad moves for leave, as a petitioner for an order making Jibrail Malik Muhammad a defendant third party plaintiff. Also, Jibrail Malik Muhammad, petitioner moves COURTS to add the United States of America as a Defendant Third Party Plaintiff.

2. Furthermore, Jibrail Malik Muhammad, petitioner moves COURTS to add plaintiffs and third party defendants herein and directing the issuance and service of process; and for grounds therefore shows:

First Claim for Relief
Retaliation

1.    The defendant, third party plaintiff incorporates by some references some allegations contained in the preceding paragraphs as set forth fully herein.

2.    The defendant third party plaintiff brings this claim on his own behalf against applicable plaintiffs and all third party defendants.

Plaintiffs
1.    Lawanda J. Shears Marshall
       *Individual capacity*
2.    Angela-Fuller-Seay-Retic- Muhammad-Dallas, Ed. D.
       *Individual capacity*

Third Party Defendants
       Dollar General Corporation
       *Official Capacity*

*pM* Protected activity, made complaints

3 *1.*     Third party defendant Dollar General Corporation was informed

about disabilities and ongoing legal dispute of the defendant third party

*Official Capacity*

plaintiff with Selma City Schools and the Alabama Education Association

(Inquiry Numbers 420-2007-03996 and 420-2009-03199). DOJ Number

205-03-0, State of Alabama Board of Adjustment, Claim No. 186-20091832

Protected opposition activity

4 *2^pM*     At its December 3, 2008 meeting, the members of the Alabama

Ethics Commission, in open session levied an administrative penalty

*Individual Capacity*

against third party defendant Mrs. Logan Cowart-Searcy.

5 *2^pM*     On 4 January 2009, the defendant third party plaintiff filed a

complaint with third party defendant Federal Communications

Commission, complaint number is 09-C00082430

6 *^pM*     With deliberate indifferences, plaintiffs and third party defendants

have willfully participated in intentionally depriving the defendant third

party plaintiff of the defendant third party plaintiff's constitutional rights,

privileges, and immunities.  Aforementioned actions are against the

school board's policies, rules, constitutions, statutes, case law, and laws.

7.    Deprivations of The United States of America as a defendant third party plaintiff exist because of negligence of plaintiffs and third party defendants.

8.    Plaintiffs child support payments would not have reached an alleged arrears over ten thousand dollars if defendant third party plaintiff petitioner Jibrail Malik Muhammad was brought in approximately 2008 as a third party. Litigation was occurring with defendant third party plaintiff Jibrail Malik Muhammad and the SELMA CITY SCHOOLS BOARD. *Official Capacity*

9.    Also, the SELMA CITY SCHOOLS BOARD breached a continuing tenured teacher contract. Plaintiffs could have received over ten thousand dollars for child support payments if BOARDS did not breach the continuing tenured teacher contract and if other violations did not occur.

Conspiracy
10.    Applicable third party defendants refused to enforce orders of Judges and make the SELMA CITY SCHOOLS BOARD send money for child support payments that were withheld from the check of the defendant third party plaintiff.

11.    Plaintiffs and Selma City Schools BOARDS failed to join parties under Rule 19. Plaintiffs did not assert any claims against third party defendants arising out of transactions or occurrences that are the subject matter of plaintiffs' claims against the defendant third party plaintiff. Plaintiffs could have received child support payments over ten thousand dollars if the aforementioned occurred.

12.    Approximately in 2009, third party defendant Attorney Patty *Individual capacity* represented third party defendant Dr. Verdell Lett Dawson against the SELMA CITY SCHOOLS SYSTEM BOARD. Third party defendant Dr. Verdell Lett Dawson case was against the SELMA CITY SCHOOLS SYSTEM BOARD while third party defendant Austin Obasohan was Superintendent.

13.    Third party defendant Attorney Patty had represented the defendant third party plaintiff against the SELMA CITY SCHOOLS SYSTEM BOARD while third party defendant Dr. Verdell Lett Dawson was Interim Superintendent. Litigation was pending between the defendant third party plaintiff and the SELMA CITY SCHOOLS SYSTEM BOARD.

14.    Other third party defendants had cases against the SELMA CITY SCHOOLS SYSTEM BOARD. The defendant third party plaintiff was avoided and not notified.

15.    On occasions the defendant third party plaintiff did not reside in the same state with children of the defendant third party plaintiff, Jibrail Malik Muhammad.

Defendant third party defendants and plaintiffs created a serious inconsistency or otherwise interfered with actions taken or planned by other agencies. Retaliation

16.    Without due processes of laws, parts of the wages for the defendant third party plaintiff are unlawfully garnished and avenues to correct the aforementioned are not accessible, and or blocked. The defendant third party plaintiff is not lawfully indebted to plaintiff Shears, Lawanda J.

17.    Starting in July 2020, Dollar General Corporation unlawfully garnishes some income from the defendant third party plaintiff.

18.    A Brief In Support of Statement of Objection to District Judge's Decision was filed IN THE DISTRICT COURT OF DALLAS COUNTY, ALABAMA. Lawanda J. Shears is the Plaintiff, Civil Action No.CS2009000406.  On 5 November 2013, a copy of a Brief In Support of Statement of Objection to District Judge's Decision was served to the Selma City School Board, The Child Support Enforcement Division, and The Attorney for the plaintiff, Mr. *Individual Capacity* John Joseph Groos III.  The following is from the Brief In Support of Statement of Objection to District Judge's Decision.   *Individual capacity*

19.    Approximately, October 2009,  The plaintiff and Mrs. Maeleen Brown attempted to collect years of undue child support and alleged that the defendant is the person charged with the legal duty of supporting the child and has not supported the child.  The defendant had provided monthly contributions/ child support, extra benefits and provided health and life insurances for the child of this relationship since conception.  With the defendant's permission, the plaintiff wrote some of the checks to herself for the child of this relationship.  For years, the child of this relationship gave the plaintiff some of the checks that the defendant wrote to the plaintiff.

20.    The defendant objects to the contempt proceeding.  The defendant objects to the determination of being capable of paying child support.

21.    The Defendant objects to the determination of not being disable and can work, and appeal and respectfully show the Court:

22.    The District Judge's decision should not be final and a different disposition should be made.   The defendant presented evidence that showed the defendant's failure to pay the delinquency is due to financial inability.  A lack of ability to pay a delinquent amount is a complete defense to a civil contempt proceeding regarding delinquent child

support. If a person is found in civil contempt because of [his] failure to pay a certain amount of money, and [he] shows that [he] is unable to pay that amount, then the contempt order must be set aside. *Carr v. Broyles*, 652 So. 2d [299,] 301-02 [(Ala. Civ. App. 1994)] (citations omitted) (quoted in *Seay v. Seay*, 678 So. 2d 1189, 1190 (Ala. Civ. App. 1996)).

23.    The modification order of support fails to show correct information. The Court should enter a judgment staying the order of support, and set aside Order of Continuing Income Withholding Support, and provide relief from judgment, and establish joint legal custody and shared custody and visitation rights, and enter judgments against the Selma City School Board and Applicable Parties.

24.    The district court lacks subject-matter jurisdiction, there is lack of personal jurisdiction. A judgment is void if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.

25.    The venue is not proper and there is an insufficiency of process, and insufficiency of service of process. There is failure to state a claim upon which relief can be granted. In order to state a claim for relief, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The defendant was not given fair notice.

*Individual Capacity*

26.    There are incorrect statements of facts and procedural and substantive defects. The defendant has no income and the child support case worker Mr. Melvin Arnold avoided the federal procedures for determining an equitable child support obligation. The plaintiff is married and lived with her husband since approximately 2007 and the plaintiff's address on the modification order of support is not correct. As a result of a mandated change, it is necessary that the amount of child support to be paid by the defendant to the plaintiff be recalculated. Also, the child of this relationship can be added to the plaintiff's and her husband's family insurance plan at no cost. There have occurred years in which the defendant paid since conception, family health insurance coverage for the child of this relationship, and for coverage for a child not of this relationship that is the child of the plaintiff.

27.    The amount of child support ordered in the judgment is excessive and onerous in that it fails to reflect the true economic positions of the parties and the fact that the defendant is under a prior order by THIS

Court and ANOTHER Court to pay for children that are not part of this action.

28.    The amount of child support ordered in the judgment fails to reflect the fact that the plaintiff receives payments for children that are not part of this action.

The defendant third party plaintiff did not have ability to pay child support.

29.    The Court failed to enter a judgment based on the evidence originally presented to it by the defendant on 2 5 January 2010.

30.    The contempt petition for non-payment for child support fails to show correct information.  The contempt petition for non-payment for child support fails to correctly show the defendant's child-support obligation due under the 25 January 2010 judgment was $0.00.  The defendant was not ordered to pay $229.00 per month for the child of this relationship on 2 5 January 2010, that allegedly commenced on 1 March 2011.

31.    The court's alleged 7 August 2013 arrears are not correct.  The defendant's contributions/ paid support needs, and extra benefits for the child of this relationship that started at conception, before 25 January 2010 should be credited against the defendant's child-support payments and alleged arrearage.

Objection to not being disabled and can work

32.    On 25 January 2010, a continuing record about the defendant

being disable was established in District Court with the Honorable Judge

Armstrong presiding.

33.    Applied for disability, mother agrees that he's disable (Averment 12, Order Establishing Paternity and Setting Amount of Child Support).

34.    Under the Americans with Disabilities Act (ADA), the term disability includes a physical/mental impairment that substantially limits a major life activity.  The term physical impairment means any condition that prevents the body from functioning normally. The term mental impairment means any condition that prevents the mind from functioning normally.  Major life activities are activities that are of central importance to everyday life. Major life activities include the operation of major bodily functions.

35.     According to the instructions from a circuit court of appeal, a physician's statement as to the disability should suffice in matters where the disability is not obvious.  The defendant provided physicians 'statements via affidavits: *Return to work/school form* dated 4/13/09 (Third-party complaint (Selma City School Board) affidavit, Averment 18), *Selma City Schools Physician Certification of Catastrophic Illness or Injury* (Third-party complaint affidavit, Averment 7).

36.     My constitutional rights under Selma City Policy File: GAM, Staff Rights and Responsibilities, has been violated because some students and parents have threatened and committed crimes of menacing by physical action while intentionally attempting to place me in fear of imminent serious physical injury, afterwards, they go back and defame my character as though I violated policy by reporting false information to you and central office.  Also, these students have organized like a street gang but call it a club and engage in organized patterns of defiant behavior and disrespect.  *Selma City Schools Grievance* dated 26 January 2007 (Third-party complaint (Selma City School Board) affidavit, Averment 3)

37.     The defendant proudly achieved a continuing contract with the Selma City School Board (The Board).  The Board deprived the defendant of the due process of laws and the equal protection of the laws. The defendant made known via applicable procedures, grievances, and union activities the defendant's concerns regarding unwarranted governmental intrusion and the deprivation of life, liberty, property, and the pursuit of happiness without constitutionally adequate procedures.  The defendant tried to benefit via the preventive and corrective opportunities provided by the School Board's policies.  The defendant was immediately retaliated against.  (Third-party complaint, averment 3)

38.     There have been occurrences of The Board assigning the defendant and other personnel on paid administrative leave while litigation was pending.  The defendant claims of entitlement to the benefits of paid administrative leave are grounded in the statutes defining eligibility for them.  (Third-party complaint, averment 4)

39.     The BOARD willfully failed to pay the defendant third party plaintiff

child support obligation.

40.     Unconstitutionally, and unlawfully, and in retaliation because the defendant protested discriminatory treatment, and filed a previous charge of employment discrimination, believed to be in violation of Title

VII of the Civil Rights Act of 1964, as amended, The Board unlawfully deprived the defendant of his salary and benefits without given notice and an opportunity to be heard and without providing the due process of laws and the equal protection of the laws for almost a school year before Dr. Austin Obasohan (Second Former Superintendent) recommended to The Board to cancel the defendant's employment.

*Individual Capacity*

41.    Dr. Obasohan withdrew his recommendation to have the defendant's employment terminated.  However, unconstitutionally, and unlawfully, The Board did not reimburse the defendant for the numerous months of not being paid.   The Board did not reimburse the defendant for the deprivation of benefits.  The Board did not place the defendant on paid administrative leave.  Litigation has been pending with The Board since 16 May 2007.  (Third-party complaint, averment 4)

42.    The plaintiff may be capable of recovering past due child support payments and past due payments for health insurance if The Board immediately places the defendant on paid administrative leave, and starts all benefits, and immediately pays the defendant back pay. (Third-party complaint, averment 6)

43.    Week 07/08/2023 to 07/14/2023 gross for the defendant third party plaintiff is $9.25 (Nine Dollars and twenty-five cents).  $4.27 (Four Dollars and twenty-seven cents) was unlawfully garnished for child support payments to plaintiff Lawanda Shears Marshall for their son Jibrail Malik Muhammad Jr., 22 years of age.

44.    The defendant third party plaintiff does not have the ability to pay child support payments.

45.    At this time, due process violated unlawful garnished child support payments of $13.21 a week are paid to plaintiff Lawanda Shears Marshall if the defendant third party plaintiff earns $13.21.

46.    In addition, a due process violated unlawful garnished fee of $0.47 a week is deducted from earnings.

47.    Similar situated former employees and current employees' wages were more than wages of the defendant third party plaintiff and are paid more money than the defendant third party plaintiff.

## Second Claim for Relief

### Conspiracy to Violate Civil Rights

1.    The defendant third party plaintiff incorporates by some references some allegations contained in the preceding paragraphs as set forth fully herein.

2.    The defendant third party plaintiff brings this claim on his own behalf against applicable plaintiffs and all third party defendants.

Plaintiffs

1 ~.    Lawanda J. Shears Marshall
        *Individual capacity*

2 ~.    Angela-Fuller-Seay-Retic- Muhammad-Dallas, Ed. D.
        *Individual capacity*

Third Party Defendants
        Dollar General Corporation
        *Official Capacity*

48 A    *in* ~. The defendant third party plaintiff was a salaried professional full-time teacher in the State of Alabama with over ten consecutive years of employment.

Breach of contract, unlawful termination of employment, defendant third party defendants materially altered the budgetary impact of entitlements, grants, or loan programs or rights.

*gm* 48. *B*    Deprivation of property, property interest, and deprivation of entitlement to a tenured continuing service contract and governmental employment and benefits occurred. The defendant third party plaintiff had a legitimate claim of entitlement for employment and benefits.  Third

party defendants unlawfully discharged the defendant third party

plaintiff.

Third party defendants discriminated against the defendant third party
plaintiff based on age.

49.     In approximately 2017, at the age of fifty-one years of age, the

defendant third party plaintiff applied for many job opportunities with

defendant third party defendant Dollar General Corporation in Northern

Alabama and the State of Georgia.  The defendant third party plaintiff

was not hired.

50.     The defendant third party plaintiff applied for assistant store

manager positions approximately May 2020 at the age of fifty-three years

of age with Dollar General Corporation.

Defendant third party defendants presented false, fictitious, fraudulent
declarations, certificates, vouchers, endorsements, or papers or writings
that related to material facts.

51.     During an interview with the district manager in 2020, the district

manager, a white female, stated she could not locate applications the

defendant third party plaintiff submitted for assistant store manager

positions.

52.     The defendant third party plaintiff was denied assistant store

manager positions.  Two less qualified, much younger, non-Muslim females

were selected to fill those positions.

53.     Later, the defendant third party plaintiff explained that disabilities of

the defendant third party plaintiff were causing the defendant third party

plaintiff to be late along with willful, wrongful, conspired discriminatory intentional harm received from parties.

54.     During the interview with the district manager in 2020, the district manager provided the defendant third party plaintiff a requisition number allegedly for a stocking only position.

55.     In July 2020, Dollar General Corporation hired the defendant third party plaintiff as a sales associate that only stocked.

56.     The Dollar General store the defendant third party plaintiff works at allegedly was robbed in 2020.  A gun allegedly was used during the robbery.  No security guard works at the store location.

57.     In October 2021, the defendant third party plaintiff gave a reasonable accommodation request to the store manager third party *Individual Capacity* defendant Ricky Lewis.   The defendant third party plaintiff identified and requested accommodations. The requested accommodations were reasonable, were available, and would have allowed the defendant third party plaintiff to perform the essential functions of the job.

58.     Disabilities and protected activity were determining factors that made a difference in the decision of the store manager defendant third party defendant Ricky Lewis in retaliation, in November 2021 to compel the defendant third party plaintiff to work the cash register against health recommendations of the defendant third party plaintiff.

59.    Aforementioned purposefully interfering, discriminating, deliberate

actions caused severe pain and sufferings, and humiliation.


Retaliation, Dollar General Corporation intended to deceive others by
making representations Dollar General Corporation knew to be false or
fraudulent.  Defendant third party defendants presented false, fictitious,
fraudulent declarations, certificates, vouchers, endorsements, or papers
or writings that related to material facts.  Deprivations of a full and
complete good-faith report of all material facts exist. The acts or omissions
caused or contributed to the cause of the defendant third party plaintiff's
injuries.  Defendant third party defendants created a serious inconsistency
or otherwise interfered with actions taken or planned by other agencies.

60.    Dishonest conspired retaliatory actions occurred by trickery, deceit,

hindering, and avoidance, while violating due process.  Third party

*Individual Capacity*

defendant Kashilisa Peoples Kent, assistant store manager, took the

defendant third party plaintiff off the schedule without notice and rights to

be heard and rights to take forty hours of vacation time.


61.    Starting in approximately 2021, the defendant third party plaintiff

applied for many job opportunities with defendant third party defendant

Dollar General Corporation in Montgomery, Alabama and surrounding

areas.  The defendant third party plaintiff was not hired.


62.    On 24 May 2022 the defendant third party plaintiff was scheduled

to work from 10:00 A.M. to 9:30 P.M. The defendant third party plaintiffl

requested to remain operating register two since Ms. A. Beal, lead sales

associate, had her cell phone close to register one and because other

devices, and etc..... that cause the defendant third party plaintiff harm

are located close to register one.  She called store manager third party

defendant Ricky Lewis and she stated that he said the defendant third party plaintiff needed to move to register one because of more space during rush hours.

63.    However, the newly hired lead sales associate Ms. Russell operated register two during rush hours because the defendant third party plaintiff worked in the back of the store.  Ms. Russell never moved to register one. Ms. A. Beal did not call store manager third party defendant Ricky Lewis about Ms. Russell operating register two.  Neither did Ms. A. Beal remind her that the defendant third party plaintiff was supposed to be working in the back of the store arranging rolltainers  and stocking, and not cashiering on the cash register.

64.    Approximately 26 May 2022, the defendant, third party plaintiff filed a complaint in the defendant third party defendant Dollar General Corporation internal portal.  The following is from the complaint filed in Dollar General Corporation internal portal.

> Who can help stop discrimination, harassment, and not needed micro management from new hired lead sales associate Ms. A. Beal.....
>
> New hired lead sales associate Ms. A. Beal discriminates, harasses, and provides not needed micro management.  Ms. A. Beal needs to understand the following:  I am a fifty five years old army veteran, born into retail. My character and reputation are property etc.
>
> I have severe rare health conditions that requires health accommodations that are protected by American with Disability Act, the Rehabilitation Act and other laws etc..... and not allowing me to exercise health accommodations, and unnecessarily telling

me what to do, when to do, and how to do tasks is discrimination, harassment, and unnecessary micro management etc.

Also, Ms. A. Beal needs to do the following: inform me when she go to locations out of hearing range, let me know she hears me after I call her name when I need her for customer service, pay attention and stop locking the keys in the office, do not leave her cell phone by the cash register I am operating.

65.    The defendant third party plaintiff filed a partial unemployment claim with the Alabama Department of Labor Unemployment Insurance Program allegedly on 11/21/2022. Alleged duration of partial unemployment claim is from 11/20/2022 through 11/18/2023.

66.    The defendant third party plaintiff received late payments from the Alabama Department of Labor Unemployment Insurance Program.

67.    Benefit week end date Amount Issued date

| Benefit week end date | Amount | Issued date |
|---|---|---|
| 12/03/2022 | $35.00 | 01/24/2023 |
| 04/30/2022 | $66.00 | 07/12/2022 |
| 05/07/2022 | $68.00 | 07/12/2022 |
| 05/14/2022 | $70.00 | 07/12/2022 |
| 06/04/2022 | $85.00 | 07/12/2022 |

68.    Another pending issue halt was placed on a payment from the Alabama Department of Labor Unemployment Insurance Program. Deprivation of payment exists. No reason provided. The following table is from the Alabama Department of Labor Unemployment Insurance website.

| | |
|---|---|
| 02/11/2023 | Pending Issue Halt |

69.    The health and safety of the defendant third party plaintiff is in

danger.  The Dollar General store the defendant third party plaintiff works

at allegedly was robbed in May 2023.  A gun allegedly was used during

the robbery.  No security guard works at the store location.

Avoidance

70.    Defendant third party defendant Dollar General Corporation

exhibits lack of good faith.  The defendant third party plaintiff still has not

heard from the applicable person at the corporate office with Dollar

General Corporation concerning health accommodations and a case

that was filed in the Dollar General Corporation Internal Portal on

approximately 26 May 2022.

Retaliation, defendant third party defendants intended to deceive others
by making representations defendant third party defendants knew to be
false or fraudulent.  Defendant third party defendants presented false,
fictitious, fraudulent declarations, certificates, vouchers, endorsements, or
papers or writings that related to material facts.  Deprivations of a full and
complete good-faith report of all material facts exist.  Intentional harm,
deprivation of unemployment benefits exists.  The acts or omissions
caused or contributed to the cause of the defendant third party plaintiff's
injuries.  Defendant third party defendants created a serious inconsistency
or otherwise interfered with actions taken or planned by other agencies.

71.    In June 2023, the defendant, third party plaintiff received a letter

from third party defendant State of Alabama.  Allegedly third party

defendant Dollar General Corporation reported that the defendant, third party plaintiff was employed November 2021, potential fraud.

72.    Material facts were intentionally omitted.  Approximately 26 May 2022, the defendant, third party plaintiff filed a complaint in third party defendant Dollar General Corporation internal portal.  The following is from the complaint filed in Dollar General Corporation internal portal approximately 26 May 2022.

How to stop the cycle of deprivation of benefits and who can help?.....

I was hired as a full time stocker in July 2020.  I never received anywhere near full time hours until approximately November 2021.  I mainly receive five hours weekly.   I was assigned to work the first shift.   It was known that I am a disabled veteran receiving no financial income with ongoing pending litigation.  It was shown and known that I would help keep Dollar General store 16827 open before I was employed.

Approximately September 2021 I was told by store manager Mr. Ricky Lewis that I needed to submit paperwork requesting health accommodations.  I started providing health documentation approximately September 2021.  Approximately November 2021 shortly before store manager Mr. Ricky Lewis went on vacation for a month, without notice/warning and due processes of laws, I was told that I have to work on the cash register.  I have been cashiering since November 2021.

My hours increased while store manager Mr. Ricky Lewis was on vacation for a month.  I was abruptly without notice and due processes of laws, taken off the schedule while store manager Mr. Ricky Lewis was on vacation for a month.   The aforementioned action was unlawful retaliation. The aforementioned action allegedly was related to my rare health conditions.   Therefore, I filed for unemployment benefits.

Allegedly some employee at the corporate office with Dollar General told the Department of Labor I was a part time employee.

The schedule had me as a full time lead sales associate.  Later, the schedule reflected me as a part time sales associate.  My rate of pay was reduced fifty cents an hour.

After store manager Mr. Ricky Lewis returned to work, I started back mainly receiving five hours weekly. I was deprived of unemployment benefits for several weeks.  It was established that I must file a claim for unemployment when I earn less than eighty five dollars weekly.

Notices need to be provided to me and due processes of laws etc..... needs implementing to keep me informed of changes to prevent my basic needs from delays, cancellations, and deprivations.  I have to work off the clock to have my basic needs benefits restarted, and or readjusted.  Some appointments have to be made consisting of one appointment a week, approximately fourteen hours in advance request for an unspecified time.   The unspecific time appointment consists from and of 7:00 A.M to 5:00 P.M. waiting around a cell phone.

Cell phones and Wi-fi technology etc..... severely harms me. Sometimes I have to call and wait for a returned phone call consisting of waiting until the applicable person to return the call that usually takes days, and weeks.  Then there are tasks that must be completed via the internet via computer and submitted by mail.

Hostile environment, harm       *Individual Capacity*

73.    On 19 May 2023 employees Paula Abrams, assistant store manager,

and Adrianna played music via speakers on cell phones.

The defendant third party plaintiff engaged in protected activity.

74.    After clocking in on Sunday 4 June 2023 the defendant third party

plaintiff photographed the backroom exit door and panel area blocked.

Employee Xavier Davis (Zay) stated it was like that when he got there.

According to the schedule Edjeana Givhan, store manager and April

Moore, lead sales associate are the other employees that worked.

75.    Later, on 4 June 2023 the defendant third party plaintiff

photographed and videoed the posted Alabama Labor Law, the chair

and trash in the area of cash registers, and schedule.

*Individual capacity*

76.    April Moore, lead sales associate entered the room and

commented when the defendant third party plaintiff photographed and

or videoed the posted Alabama Labor Law.

77.    The defendant third party plaintiff explained he does not believe

the Alabama Labor Law poster was in the location when the defendant

third party plaintiff initially filed a partial unemployment claim.  A file

cabinet was there with items on top.

Suspicious activity, the defendant third party plaintiff engaged in
protected activity, bizarre behavior, harm

78.    On the night of 11 June 2023,  after the store was closed for

business, while the defendant third party plaintiff  was stocking in the store

and while employee Xavier Davis (Zay) was working in another location,

lead sales associate April Moore exclaimed from the front of the store she

was ready.  April Moore stated to put up what we were working on.

(Paraphrased statements)

79.    April Moore told the defendant third party plaintiff to clock out after

the defendant third party plaintiff arrived in the front of the store.

80.    The defendant third party plaintiff reminded third party defendant

April Moore that the defendant third party plaintiff had received

directives from human resources not to clock out until the defendant third

party plaintiff gets ready to walk out the store. Therefore, the defendant third party plaintiff did not clock out.

81.    April Moore replied she is ready. April Moore was not ready because some items that needed to go in the safe were still out. Also, she was working on items that needed to go in the safe. Xavier Davis (Zay) had some equipment on the sales floor that needed placement in the back room. Xavier Davis (Zay) was not in the area to clock out. Xavier Davis (Zay) was not prepared to clock out.

82.    While Xavier Davis (Zay) was located in the back of the store, while the defendant third party plaintiff was facing forward towards the cash register, while April Moore was facing the ears of the defendant third party plaintiff, within a half of arm reach, April Moore vocally exclaimed extremely loud, blasted directives to Xavier Davis (Zay).

83.    The defendant third party plaintiff was preparing the cash register for clocking out procedures during the aforementioned blast from the deep toned blasted vocal vibrations received from April Moore (Lead Sales Associate).

84.    Consequently, the ears of the defendant third party plaintiff hurts. There was a feeling of pressure and numbness in one ear that continued for approximately a month. Sounds had a muffled effect for approximately a month. At this time, the defendant third party plaintiff wears ear plugs and some feelings of pressure stop. However, other inner

ear problems continue.   The ears of the defendant third party plaintiff hurts when people talk loud and when music is played above low level. Sound tolerance of the defendant third party plaintiff is extremely low. The ears of the defendant third party plaintiff hurts while listening on the phone.  One ear is more sensitive than the other ear and it is irritating and difficult conducting business.   It feels like fluids are in an ear.

Conspiracy, intentional harm

85.    On the night of 12 June 2023, the defendant third party plaintiff called in the on the job injury pertaining to ears. *Individual Capacity*

86.    Starting during the morning of 13 June 2023 tenants and or visitors  in 862 B Columbus Court (aka 862 B Mabins Court)boomed loud music for hours heard throughout the apartment of the defendant third party plaintiff.

87.    On 18 June 2023 around the time the store was supposed to close, the following occurred.  Third party defendant April Moore loudly talked to Xavier Davis while the defendant third party plaintiff purchased products. The defendant third party plaintiff moved back from third party defendant April Moore.

88.    The third party defendant April Moore stated those people called her about the previous ear incident.  She stated that happening one time did not cause injury to the ear (s) of the defendant third party plaintiff. She stated the defendant third party plaintiff is just trying to get that money.

89.    The defendant third party plaintiff is a Director of Bands and aforementioned incidents interfere with the livelihood of the defendant third party plaintiff.  The defendant third party plaintiff cannot provide percussion instructions at a rate of $60.00 per hour.

90.    The defendant third party plaintiff tried to benefit via the preventive and corrective opportunities provided.   Lisa Rucker works at Dollar General Risk Management.  She doubts workers compensation is going to cover doctors and items the defendant third party plaintiff needs.  She told the defendant third party plaintiff not to go to the emergency room. Lisa Rucker does not believe damage to the ears of the defendant third party plaintiff came from one incident.

91.    Shouting in the ear at 110 can cause hearing loss in less than two minutes according to information on the cdc website.

92.    The defendant's, third party plaintiff's, behavior of not lowering his standards is protected conduct and activity and included protected speech that received resistance with an understanding to conspire against the defendant third party plaintiff to deteriorate his efforts.

93.    Consequently; deteriorating the defendant's, third party plaintiff's health and family relationship, placing the defendant third party plaintiffs and the defendant's, third party plaintiff's family's health and safety in peril.

Jibrail Muhammad
862 Mabins Court Apt. A
Selma, Alabama   36701



United States District Court
Southern District of Alabama
155 Saint Joseph St.
Mobile, Alabama 36602