IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

JIBRAIL MALIK MUHAMMAD, SR.     *
a/k/a JULIUS J. MARTIN, JR.,     *
                              *
    Plaintiff,              *
                              * CIVIL ACTION NO. 23-00281-TFM-B
vs.                         *
                              *
DOLGENCORP, LLC,          *
                              *
    Defendant.            *

**REPORT AND RECOMMENDATION**

Pending before the Court[1] is Defendant Dolgencorp, LLC's motion to compel arbitration, or alternatively to dismiss. (Doc. 20). In the motion, Defendant asserts, among other things, that Plaintiff's claims are "difficult to discern," and that "Plaintiff continues to fall short of the requirements of Fed. R. Civ. P. 8(a)(2) that the Complaint consist of 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (Doc. 20 at 1; Doc. 21 at 2).

After careful review, the undersigned agrees with Defendant and finds that Plaintiff's third amended complaint is a shotgun pleading that fails to provide adequate notice of his claims and the grounds on which those claims rest. The undersigned further

---

[1] This action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 3).

finds that Plaintiff's continued shotgun pleadings impede the Court's ability to determine which of his claims are arbitrable. Accordingly, the undersigned recommends that this action be **DISMISSED with prejudice** based on Plaintiff's repeated failures to plead a complaint that provides adequate notice of his claims and complies with the Federal Rules of Civil Procedure, and that Defendant's motion to compel arbitration be **DENIED as moot**.

I. <u>BACKGROUND</u>

Plaintiff Jibrail Malik Muhammad, Sr. a/k/a Julius J. Martin, Jr. ("Plaintiff") commenced this action by filing a *pro se* complaint on July 26, 2023. (Doc. 1). On August 9, 2023, Plaintiff filed an amended complaint on his own initiative, which he failed to sign. (Doc. 4).

On August 16, 2023, the undersigned entered an order striking Plaintiff's amended complaint because it was "a particularly egregious example of the kind of shotgun pleading that both the Eleventh Circuit Court of Appeals and this Court have repeatedly condemned." (Doc. 6). In addition to several other deficiencies (including that it was unsigned, oppressively long, and asserted an absurdly broad array of unrelated claims against numerous defendants), the Court found that Plaintiff's amended complaint committed "all four of the cardinal shotgun pleading 'sins' identified by the Eleventh Circuit . . . ." (<u>Id.</u> at 5-13). The Court expounded:

2

> The amended complaint is a variant of the first type of shotgun pleading . . . because each nominal claim for relief asserted by [Plaintiff] purports to "incorporate[] by some references some allegations contained in the preceding paragraphs as set forth fully herein." . . . The amended complaint falls into the second shotgun pleading category because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." . . . The amended complaint falls into the third shotgun pleading category because even though it is broken into six separate counts, [Plaintiff] appears to cluster multiple causes of action within most or all of those counts and does so in a hopelessly scattershot fashion that leaves the Court unable to discern with any degree of confidence each of the legal claims he is raising and the factual grounds for each of his claims. Finally, the amended complaint falls into the fourth shotgun pleading category because it purports to assert claims against more than 100 defendants, but it fails to make clear which of the defendants each claim is brought against, and what conduct each Defendant is alleged to have engaged in with respect to each cause of action asserted against that Defendant.

(Id. at 13-14).

The Court ordered Plaintiff to file a second amended complaint that addressed and corrected the pleading deficiencies described in the Court's order. (Id. at 16). The Court provided specific pleading instructions for Plaintiff to follow in order to formulate a proper complaint and cure the numerous pleading defects noted in the Court's order. (Id. at 16-20). And the Court explained to Plaintiff the applicable pleading standards for a complaint in federal court, including what is required to state a claim upon which relief can be granted, the requirements of Federal Rules of Civil Procedure 8 and 10, and the prohibition against "shotgun

3

pleadings" that violate those rules and fail to provide adequate notice of a plaintiff's claims. (Id. at 2-5).

The Court cautioned Plaintiff that if he filed a second amended complaint that failed to fully address and correct the deficiencies in the amended complaint that were described in the Court's order, the undersigned would recommend that this action be dismissed with prejudice. (Id. at 20). The Court directed the Clerk to send Plaintiff a copy of this Court's Pro Se Litigant Handbook and encouraged Plaintiff to review the handbook carefully and utilize it in drafting his second amended complaint in order to avoid repetition of his pleading errors. (Id. at 21).

On October 16, 2023, Plaintiff filed a second amended complaint. (Doc. 9). Unlike his prior complaints, which named numerous defendants, Plaintiff's second amended complaint named a single Defendant, Dolgencorp, LLC ("Dollar General"). (Id. at 1-2).

On October 26, 2023, the Court entered an order striking Plaintiff's second amended complaint. (Doc. 10). The Court found that while Plaintiff's second amended complaint was "a significant improvement from his egregious first amended complaint," it was still a shotgun pleading that failed to provide adequate notice of his claims and their underlying factual grounds. (Id. at 2). The Court noted that the "second amended complaint, far from being the 'short and plain statement' required by Rule 8(a)(2)," was still

4

"oppressively and unnecessarily long at 188 pages and 542 paragraphs." (Id. at 5). The Court further observed that Plaintiff "still appear[ed] to group multiple discrete causes of action together in his claims for relief," and that there were "express or implied references to additional causes of action scattered throughout the seven counts." (Id. at 6). For example, the Court noted that Plaintiff's second count appeared "to allege multiple distinct claims for disability discrimination based on disparate treatment, failure to accommodate his alleged disability, disability-based hostile work environment, and retaliation." (Id.). The Court also pointed out that despite the previous order's directive "to state causes of action based on separate transactions or occurrences in separate counts of his complaint, [Plaintiff's] claims for relief encompass[ed] several separate transactions or occurrences," and the Court provided a particularly egregious example of a single count in the second amended complaint which purported to encompass "all sorts of unrelated events and grievances regarding [Plaintiff's] employment at Dollar General." (Id. at 6-7). The Court additionally noted that each of Plaintiff's claims was "rife with conclusory assertions, legal conclusions, and legal terms that [were] misapplied or lack[ed] relevant factual context." (Id. at 7). The Court also found that Plaintiff failed to adequately identify the legal basis for each of his claims. (Id.).

5

The Court observed that while dismissal of this action was "justified based on [Plaintiff's] failure to file a second amended complaint that complies with the Federal Rules of Civil Procedure and this Court's order," Plaintiff appeared "to have made some effort, albeit insufficient, to comply with the Court's directives." (Id. at 9). The Court therefore stated that it would grant Plaintiff "one <u>final</u> opportunity to amend his complaint in order to set out a 'short and plain statement' that provides adequate notice of his claims." (Id. (emphasis in original)).

The Court granted Plaintiff leave to file a third amended complaint that addressed and corrected the pleading deficiencies noted in the Court's order and did not exceed thirty-five pages in length. (Id. at 9-10). The Court again provided specific pleading instructions for Plaintiff to follow in order to cure his pleading defects and formulate a proper complaint. (Id. at 10-11). The Court cautioned Plaintiff that if he filed a third amended complaint that failed to address and correct all of the noted deficiencies in the second amended complaint or otherwise failed to fully comply with the pleading directives set out in the Court's order, the undersigned would recommend that this action be dismissed with prejudice. (Id. at 11-12). The Court warned Plaintiff that there would "<u>be no further opportunities to amend in order to correct pleading deficiencies</u>." (Id. at 12 (emphasis in original)).

6

Plaintiff filed a third amended complaint against Dollar General on November 27, 2023. (Doc. 11). In response, Dollar General moved to compel arbitration and stay this action, or alternatively to dismiss certain remaining claims and for leave to file a motion for a more definite statement "so that it can understand and respond to Plaintiff's discrimination claims." (Doc. 20).

## II. <u>LEGAL STANDARDS</u>

### A. **Federal Rules of Civil Procedure 8 and 10.**

As the Court has previously informed Plaintiff, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation omitted). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Relatedly, Rule 10(b) mandates that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count" to the extent doing so "would promote clarity." Fed. R. Civ. P. 10(b). These rules "work together to require the pleader to present his claims discretely and succinctly, so that his adversary

can discern what he is claiming and frame a responsive pleading, [and so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted[.]" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has roughly identified four broad categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321-23. The unifying characteristic of all shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

When presented with a shotgun pleading, a district court should take the initiative to dismiss or strike the pleading and give the party an opportunity to replead his case. Id. at 1321 n.10. "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018). When a plaintiff fails to make meaningful modifications to his shotgun complaint after being ordered to do so, the court may dismiss the case under the authority of either Federal Rule of Civil Procedure 41(b) or the court's inherent power to manage its docket. Weiland, 792 F.3d at 1321 n.10.

**B.** *Pro Se* **Litigation.**

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

Dollar General asserts that Plaintiff executed an arbitration agreement and agreed that claims arising out of his employment or termination of his employment with Dollar General would be resolved in binding arbitration, and it requests that the agreement be enforced by compelling Plaintiff to submit his claims to arbitration. (Docs. 20, 21). Plaintiff objects to the motion and presents various reasons why he believes he is not bound to arbitrate his claims against Dollar General. (Docs. 25, 27).

Having reviewed the parties' filings at length, the undersigned concludes that Plaintiff's continued shotgun pleading errors frustrate the Court's ability to determine which of Plaintiff's claims fall within the scope of the relevant arbitration agreement. More fundamentally, the undersigned finds that Plaintiff's third amended complaint continues to provide inadequate notice of the claims he is asserting and the underlying factual basis for each of his claims. Because Plaintiff has been notified of the specific defects of his pleadings but has still repeatedly failed to remedy several important pleading defects and to formulate a complaint that complies with the Federal Rules of Civil Procedure, the undersigned finds that this action is due to be dismissed. See Brown v. TitleMax of Ga., Inc., 2023 U.S. Dist. LEXIS 7991, 2023 WL 196463 (S.D. Ga. Jan. 17, 2023) (*sua sponte* dismissing plaintiff's third amended complaint with prejudice on

10

shotgun pleading grounds even though the parties had engaged in significant litigation and there was a motion to compel arbitration pending).

As this Court has repeatedly informed Plaintiff, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" if "doing so would promote clarity." Fed. R. Civ. P. 10(b). Where a plaintiff alleges "a host of claims based on discrete facts of discrimination in just one count," the Eleventh Circuit has "noted that the plaintiff failed to comply with Rules 8 and 10." Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (per curiam).

Here, most of Plaintiff's discrimination claims[2] appear to be based on multiple discrete incidents or events occurring over a span of years. See Howard v. Sec'y, Dep't of Homeland Sec., 2023 U.S. Dist. LEXIS 187118, at *9-11, 2023 WL 6882746, at *4 (N.D. Ala. Oct. 18, 2023) (finding that plaintiff's complaint was a

---

[2] These include the following counts: Count One (42 U.S.C. § 1981 - Racial Discrimination); Count Nine (Title VII - Gender Discrimination); Count Ten (Title VII – Religious Discrimination); Count Eleven (Title VII – National Origin Discrimination); and Count Seventeen (Title VII – Race Discrimination). Count Seven (ADA – Failure to Accommodate Disability) is also based on several discrete incidents or occurrences. In that count, Plaintiff complains: (1) that starting in November 2021, he was compelled to operate cash registers in addition to stocking; (2) that on May 24, 2022, Dollar General failed to accommodate his request to operate register two instead of register one; and (3) that on July 29, 2023, Dollar General failed to accommodate his request that an assistant store manager stop playing music on a speaker.

shotgun pleading where her Title VII racial discrimination claim was "based on numerous incidents occurring over a span of years" and her complaint "lump[ed] all allegedly discriminatory acts in one claim"). Indeed, it appears that some of the allegedly discriminatory acts predate Plaintiff's employment with Dollar General, while others occurred years into his employment with the company. These discrete facts of discrimination are repeatedly alleged within the same count. By disregarding this Court's directives and repeatedly lumping several distinct alleged acts of discrimination within a single count, Plaintiff has created uncertainty as to what conduct is at issue in each claim and when the conduct relevant to each claim occurred. Plaintiff's failure to state each claim "founded on a separate transaction or occurrence . . . in a separate count" is particularly problematic here, because it interferes with the Court's ability to discern which of his claims arise out of his employment with Dollar General (and are thus arbitrable) and which antecede his employment with Dollar General (and thus do not appear to be arbitrable).

Plaintiff further violates Rule 10(b) by grouping more than one discrete theory of liability together in a single count. As the Court has previously informed Plaintiff (see Doc. 10 at 6), "'each theory of liability' on which [a] discrimination claim is based constitutes 'a separate cause of action'—and therefore must be pled in a separate count." Amaya v. Vilsack, 2024 U.S. Dist.

LEXIS 53610, at *4, 2024 WL 1285162, at *2 (S.D. Fla. Mar. 26, 2024) (citation omitted); see also Harris v. Radioshack Corp., 2002 U.S. Dist. LEXIS 16096, at *6, 2002 WL 1907569, at *2 (S.D. Fla. May 23, 2002) (explaining that the plaintiff's claims of racial discrimination under Title VII, including claims of harassment, disparate treatment, hostile work environment, demotion, and constructive discharge, "must be asserted in separate counts in accordance with Fed.R.Civ.P. 10(b)"). Despite the foregoing, several counts in the third amended complaint appear to allege claims based on multiple theories of liability.[3] Because Plaintiff does not separate each distinct cause of action or claim for relief into a different count, his third amended complaint falls into the third shotgun pleading category. See Weiland, 792 F.3d at 1323. The third amended complaint also falls into the second shotgun pleading category because, like its predecessors, it is littered with legal conclusions, statements lacking relevant factual context, and repetitive or immaterial factual assertions.

Plaintiff's second and third amended complaints reflect partial but plainly inadequate attempts to comply with the Court's repleading orders. As noted, Plaintiff has repeatedly failed to comply with some of the Court's most basic and important pleading

---

[3] Just as one example, Count Eleven (Title VII – National Origin Discrimination) appears to allege distinct claims for discrimination based on disparate treatment (failure to hire) and hostile work environment. (See Doc. 11 at 17-20).

13

instructions, including, most notably, the directive to set forth each discrete cause of action based on a separate transaction or occurrence in a separate count of the complaint. As a result of Plaintiff's repeated failures to comply with the Court's directives, both the Court and Dollar General are left unable to discern with any confidence what claims are being asserted against Dollar General and the precise factual basis for each claim. As a further result of Plaintiff's continued shotgun pleadings, it is unclear precisely which of his claims fall within the purview of the arbitration agreement between Plaintiff and Dollar General. Twice, the Court has specifically cautioned Plaintiff that if he failed to address and correct the noted pleading deficiencies as instructed, the undersigned would recommend that this action be dismissed with prejudice. (See Doc. 6 at 20; Doc. 10 at 11-12). Indeed, the Court's most recent order warned Plaintiff that he would receive no further opportunities to amend his complaint in order to correct pleading deficiencies. (Doc. 10 at 12). Despite these clear warnings, Plaintiff repeatedly filed amended complaints afflicted with several of the same fundamental deficiencies as their predecessors.

"Once a district court gives a plaintiff fair notice of the specific defects in the complaint and a meaningful chance to fix them, dismissal with prejudice on shotgun pleading grounds is proper if a plaintiff files an amended complaint afflicted with

14

the same defects." Halstead v. Espinoza, 2023 U.S. App. LEXIS 5529, at *4, 2023 WL 2399288, at *2 (11th Cir. Mar. 8, 2023) (per curiam) (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) ("Here, after being put on notice by Defendants of the specific defects in their complaint, the Jacksons filed an amended complaint afflicted with the same defects, attempting halfheartedly to cure only one of the pleading's many ailments . . . . The District Court should have dismissed the amended complaint with prejudice because . . . the amended complaint was incomprehensible.")); see also Pelletier v. Zweifel, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991) ("If Pelletier had refused to comply with the court's directive to file a repleader in conformity with the rules of civil procedure, the court could have dismissed the complaint under Fed.R.Civ.P. 41(b), on the ground that Pelletier failed to comply with Fed.R.Civ.P. 8(a) and (e) to provide a short, clear, and concise statement of the claim.") (citations omitted), abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008). The Eleventh Circuit has explicitly stated that it "will not adopt a rule requiring district courts to endure endless shotgun pleadings." Vibe Micro, 878 F.3d at 1297.

As described above, the Court's previous orders explained in detail why Plaintiff's first and second amended complaints were shotgun pleadings that violated the Federal Rules of Civil

15

Procedure and failed to provide adequate notice of each of his claims and the factual grounds for each claim. The Court provided detailed instructions on how to correct the identified deficiencies and formulate a proper complaint that provided adequate notice of Plaintiff's claims. The Court also made Plaintiff fully aware of the consequences of noncompliance.

In disregard of the Court's warnings and instructions, Plaintiff filed yet another shotgun pleading that contains a number of the same fundamental pleading errors identified by the Court previously. At this juncture, it appears that Plaintiff is unwilling or unable to revise his pleadings to comply with the Federal Rules of Civil Procedure and the Court's orders, and there is no indication after multiple iterations of the complaint that any further opportunities to amend would lead to meaningfully improved results.[4]

Because Plaintiff was repeatedly put on notice of the specific defects of his pleadings but still filed amended pleadings that did not remedy several of the most fundamental and important pleading defects and did not comply with the Court's repleading

---

[4] The undersigned notes that Plaintiff subsequently filed a fourth amended complaint (Doc. 28), which was stricken because Plaintiff did not obtain Dollar General's consent or the Court's leave before filing it. (Doc. 30). The fourth amended complaint contained the same fundamental shotgun pleading errors as the operative third amended complaint and attempted to add a sprawling and nonsensical RICO claim against Dollar General.

orders, the undersigned recommends that this action be **DISMISSED with prejudice** on shotgun pleading grounds, and that Dollar General's motion to compel arbitration (Doc. 20) consequently be **DENIED as moot**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

17

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **April, 2024.**

                                            **/S/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**