IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIBRAIL MALIK MUHAMMAD, SR., a/k/a JULIUS J. MARTIN, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DOLGENCORP, LLC, )<br>)<br>Defendant. ) | CIV. ACT. NO. 2:23-cv-281-TFM-B |

### MEMORANDUM OPINION AND ORDER

On April 16, 2024, the Magistrate Judge filed a Report and Recommendation which recommends this case be dismissed with prejudice for repeated violations of filing a shotgun pleading.  *See* Doc. 31.  Plaintiff timely filed objections (Doc. 32) and Defendant timely responded to the objections (Doc. 35).  The report and recommendation and its related issues are ripe for the Court's review.

Having reviewed the objections, the Court finds that they do little to address the well-reasoned analysis of the Magistrate Judge beyond simply reiterating his belief that the complaint is fine.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  "[E]ven

a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).  Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

It is clear to the Court that the various complaints at issue were shotgun complaints and that the Magistrate Judge gave ample notice, explanation, and opportunity to the Plaintiff to fix the deficiencies identified.  He repeatedly failed to comply with the Court's orders and therefore dismissal with prejudice is appropriate under Rule 41(b).  As a result, the Court **OVERRULES** Plaintiff's objections.

After the filing of the Report and Recommendation and the objections, Plaintiff filed yet another attempt to amend his complaint.  *See* Doc. 36.  Federal Rule of Civil Procedure 15 provides "[t]he court should freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2); *see also Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("[L]eave to amend must be granted absent a specific, significant reason for denial. . . .").

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

*McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S.

178, 182 (1962)).  The Eleventh Circuit has put forth five factors for district courts to consider: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility of amendment.  *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009).

In the case at hand, the Court finds it appropriate to deny the most recent motion to amend (Doc. 36) because of repeated failure to cure deficiencies by amendments previously allowed – even when the Plaintiff proceeds *pro se*.  The Court cannot an endless cycle of attempted fixes after having given sufficient opportunity by the Magistrate Judge.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge (Doc. 31) is **ADOPTED** as the opinion of this Court.  Accordingly, it is **ORDERED** that this case is **DISMISSED with prejudice** and Plaintiff's motion for leave to amend (Doc. 36) is **DENIED**.  Defendant's motion to compel arbitration and alternative motion to dismiss (Doc. 20, filed 2/27/24), the "Request for Leave to File Motion to Compel Discovery and Serve Defendant (Doc. 37, filed 5/25/24), and any other remaining motions are all **DENIED as moot**.

A separate judgment will be issued pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 11th day of June, 2024.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES DISTRICT JUDGE